```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


SHU SHEAN WONG, ET AL           )
                                )
        Plaintiffs,             )   CIVIL ACTION NO.
                                )   09-12121-DPW
v.                              )
                                )
DEPARTMENT OF SOCIAL            )
SERVICES, ET AL                 )
                                )
        Defendants.             )
```

MEMORANDUM AND ORDER
March 26, 2013

The pro se plaintiff in this case seeks to challenge in federal court ongoing state proceedings concerning the care and guardianship of her daughter.  In a relentless barrage of submissions she has made not altogether comprehensible claims against a variety of parties said to be involved in her daughter's care and treatment in connection with state proceedings over the past dozen years.  I indicated by an Order dated December 12, 2012 that I would "continue to abstain from interposing the federal court in this state court dispute" pending further proceedings in the state Probate and Family Court.

The plaintiff on February 15, 2013 submitted an agreement executed by the relevant parties in the state court on February 13, 2013 and approved by a state Probate and Family Court judge in which the parties stipulated to conditions regarding the daughter's care and guardianship.  And yet the plaintiff and her daughter, for whom she purports to appear in this case, have

continued to file papers in this court suggesting dissatisfaction with the course of her daughter's treatment.

The various persons and entities plaintiff has sought to bring in to this action, understandably concerned not to expend resources in a case in which the claims are ill defined, have generally responded with various motions to dismiss based on threshold issues such as deficiencies in service, failures of adequate pleading, statute of limitations bars and sovereign immunity.  Perhaps improvidently, I have stayed consideration but not terminated the case as state court proceedings have continued, thereby providing the plaintiff with a forum to vent her frustrations with those involved.

However, a fundamental issue, not developed by the parties, counsels dismissal of the case altogether.  The Supreme Court in *Moore* v. *Sims*, 442 U.S. 415 (1977) made clear that a federal court should abstain and dismiss when a collateral challenge is mounted, as it is here, to state proceedings in which important family interests are being litigated.  I am satisfied that the state family law and guardianship proceedings at issue here provide an opportunity to adjudicate all the various claims - including those broadly labeled constitutional - that the plaintiff reprises in this proceeding.  *See generally Chapman* v. *Oklahoma*, 472 F.3d 747 (10th Cir. 2006); *Liedel v, Juvenile Court of Madison County,* 891 F.2d 1542 (11th Cir. 1990).

This case falls squarely within the protocol directed by *Moore* and its progeny.  The plaintiff must pursue her various challenges in state court proceedings whether at the trial level or on appeal.  She may not directly or indirectly attack those proceedings and those involved in them by resort to the federal court.  In these circumstances, the federal court must abstain and dismiss the case.

Accordingly, the Clerk is hereby directed to terminate this case and all outstanding motions are consequently treated as moot.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE